McFarland,. J.,
delivered the opinion of the court.
This action was by Stuart to recover damages for the failure of the defendants to receive and transport, as common carriers, a quantity of marble. The judgment was for the plaintiff. The first question presented in argument in this court is predicated upon a motion in the court below *377 to arrest the judgment upon the ground that no cause of action is stated in the declaration.
The declaration avers that the plaintiff was engaged in quarrying and dressing marble for market, and that “he delivered at the depot of the defendant” a certain quantity of marble “properly prepared for market,” and urged and requested the agent of the defendant to forward the same to market, but he failed and neglected and refused to do so within a reasonable time. The objection is that the declaration avers the marble ivas delivered at the depot, etc., but does not aver to whom it was delivered.; and second, that it does not aver that the marble was consigned to any particular person or persons, or that it was directed to’ any particular person or place, or that the request was to carry to any particular place or market.
. It may be conceded that where the case made in the declaration does not constitute a cause of action, the judgment will be arrested, notwithstanding the verdict, for the verdict only establishes the truth of the case made in the declaration; but where it appears that the case made in the declaration, giving a fair meaning and intendment to the general language used, is a good cause of action, though defectively stated, there being no demurrer, the defect will be cured by verdict.
See on this subject 1st Ohitty, PL, 672-3; Stephen’s PL, p. 147; Horsely v. Branch, 1 Hum., 199; Brown v. Parks, 8 Hum., 294. Such we think is this case. The declaration is that the marble ivas prepared for market, and delivered at the depot, and the defendant’s agent requested to transport it to market. These general terms may well be taken to mean that the marble was prepared for market, and properly directed in the usual way, and the request was to transport in accordance with these directions, and that these facts were proven, as manifestly without this there could have been no recovery. In such case, the defect, if it be one, is cured by verdict. This construction is favored *378 by our statutes. Second. The declaration in stating tbe damages resulting to tbe plaintiff from tbe wrong alleged, avers, 1st, tbe loss of tbe marble delivered, and, 2d, that his marble quarries really became worthless. To this latter a demurrer was filed, which was overruled. It is conceded that such supposed damage would be too remote, but notwithstanding bis ación upon tbe demurrer, it was tbe duty of tbe judge on tbe trial to- instruct tbe jury properly upon tbe measure of damages, and as there is no bill of exceptions, we must presume be did so.
Tbe judgment will be affirmed.